UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SANDRA A. GESSNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:20-CV-394-HAB ) |
| ALLEN COUNTY GOVERNMENT, | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff is a long-time employee of the Allen County Highway Department ("ACHD"). She applied for, but did not receive, three promotions in 2019 and 2020. Defendant asserts that there were more qualified applicants, but Plaintiff believes that she did not receive the promotions because she was a woman and because of a half-decade old lawsuit. Plaintiff sued under Title VII alleging sex discrimination and retaliation. Defendant has moved for summary judgment (ECF No. 55) and that motion is now fully briefed (ECF Nos. 56, 66, 68).[1]

**I.      Factual Background**

Plaintiff has been employed by the ACHD since 1991. She was a Maintenance Worker I until May 2022, when she was promoted to Assistant Supervisor at the ACHD's south barn. Plaintiff was, generally, the only female Maintenance Worker during her employment, and all her supervisors were also male.

---

[1] Defendant has also moved to strike Plaintiff's summary judgment response. (ECF No. 67). The Court agrees with Defendant that Plaintiff's response violates this Court's Local Rules and the Federal Rules of Evidence. And Plaintiff's pro se status does not excuse her from following those rules. *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). But Plaintiff's claim fails on the merits, so the motion to strike is DENIED AS MOOT.

Now a bit of context. In 2013, Plaintiff sued the ACHD in this Court alleging discrimination under Title VII. *Gessner v. Allen County Highway Dept.*, Cause No. 1:13-CV-74-JVB ("2013 suit"). This may or may not be important later.

Plaintiff applied for a Foreman position in December 2019. She interviewed with a five-person panel in early-January 2020. Five days later she was informed that she was "not a good fit" for the position. Instead, a male applicant with only two years' experience with the ACHD was chosen. Defendant explains that the man chosen for the position had supervisor experience at a prior job, while Plaintiff had none.

Plaintiff next applied for the North Barn Supervisor position in May 2020. The ACHD required that a successful candidate live within 25 miles of the north barn to allow them to respond to emergencies. It is undisputed that Plaintiff lived 32 miles from the north barn, disqualifying her from the position. A male candidate, previously an assistant supervisor at the north barn, was selected for the job. Like the Foreman position, the man selected for the job had prior supervisor experience, while Plaintiff had none.

Finally, Plaintiff applied for the North Barn Assistant Supervisor position, vacated by the man chosen for the North Barn Supervisor position. Six applicants applied, and all were interviewed. Plaintiff was not selected for the job because she "often had difficulties with her supervisor and coworkers and only did the bare minimum of the jobs she was tasked with." (ECF No. 56 at 4). On the other hand, the male applicant chosen "demonstrated leadership qualities in his role as a Maintenance Worker I by often assuming an unofficial lead person role on jobs." (*Id.*).

**II.     Legal Analysis**

**A.     *Summary Judgment Standard***

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists cannot create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

Plaintiff is proceeding pro se.  "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This court is mindful

of the well-settled principle that, when interpreting a pro se party's filings, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). On the other hand, "a district court should not assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented." *Id*. (quotations omitted).

**B.    *Defendant is Entitled to Summary Judgment on Plaintiff's Title VII Failure to Promote Claim***

Defendant has addressed Plaintiff's claims under the familiar burden-shifting method in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and Plaintiff does not object. The Court will do the same.

To proceed to trial on a failure to promote claim under *McDonnell Douglas*, Plaintiff either must produce "sufficient direct or circumstantial evidence that [the employer's] promotion decisions were intentionally discriminatory or make an indirect case of discrimination." *Adams v. City of Indianapolis*, 742 F.3d 720, 735 (7th Cir. 2014). Plaintiff proceeds under both avenues.

As direct evidence, Plaintiff points to August 2023 text messages between herself and Matt McGoven ("McGoven"), a retired supervisor at ACHD's south barn. In the text messages, McGoven states that he "heard some talk that [Plaintiff] still [has] a price on [her] head." (ECF No. 66-2 at 14).

4

Defendant's evidentiary objections to the text messages aside, they are not direct evidence of discrimination. To be direct evidence of discrimination, McGoven would need to be a decisionmaker and his statements would need to be made before or near the time of the challenged employment decision. *Hudson v. Chicago Transit Auth.*, 375 F.3d 552, 560 (7th Cir. 2004). There is no evidence that McGoven was a decisionmaker on any of the challenged promotion decisions, and the texts were sent more than three years after those decisions. McGoven's texts do not demonstrate discrimination.

Under the indirect avenue, Plaintiff must first produce evidence of a prima facie case for failure to promote; if she does so, Defendant must then produce evidence of "a legitimate nondiscriminatory reason for the employment action"; if Defendant produces evidence of a legitimate reason, Plaintiff must then produce evidence that the Defendant's "stated reason is a pretext." *Simpson v. Beaver Dam Cmty. Hosps., Inc.*, 780 F.3d 784, 790 (7th Cir. 2015).

To demonstrate a prima facie case for failure to promote, Plaintiff must produce evidence showing that: (1) she was a member of a protected class; (2) she was qualified for the position sought; (3) she was rejected for the position; and (4) the employer promoted someone outside the protected class who was not better qualified for the position. *Jaburek v. Foxx*, 813 F.3d 626, 631 (7th Cir. 2016) (citation omitted). Plaintiff was undisputedly a member of a protected class and rejected for the positions. She fails, however, on the other two elements.

Simply put, the Court has no information on Plaintiff's qualifications or those ultimately hired. Plaintiff claims that she had the "knowledge, skillset and seniority appropriate to the job descriptions," but provides no evidence to support that claim. She hasn't provided her employment file, a CV, or even her Maintenance Worker I job description. And the Court has almost no information, other than names, for the successful candidates. The Seventh Circuit has repeatedly

held that a Title VII claimant must do more than offer her self-serving appraisal of her qualifications vis-à-vis the successful candidates. *See*, *e.g.*, *Dunn v. Nordstrom, Inc.*, 260 F.3d 778, 787 (7th Cir. 2001) (stating that the plaintiff "must present more than his own, subjective self-appraisal to create a genuine issue of fact"); *Fortier v. Ameritech Mobile Commc'ns, Inc.*, 161 F.3d 1106, 1114 (7th Cir. 1998) (same); *Gustovich v. AT & T Commc'ns, Inc.*, 972 F.2d 845, 848 (7th Cir. 1992) (same). Because Plaintiff has not, she cannot make the required prima facie showing.

But even if she could, Defendant has offered a non-pretextual reason for its hiring decisions. Pretext is a "lie, specifically a phony reason for some action." *Russell v. Acme–Evans, Co.*, 51 F.3d 64, 68 (7th Cir. 1995). To demonstrate a material issue of fact as to pretext, Plaintiff must show that "1) it is more likely that a discriminatory reason motivated the employer than the proffered non-discriminatory reason or 2) that an employer's explanation is not credible." *Hudson v. Chicago Transit Auth.*, 375 F.3d 552, 561 (7th Cir. 2004).

For the Foreman position, Defendant argues that the man selected for the position had prior supervisor experience, while Plaintiff did not. Plaintiff does not dispute these facts, but offers a semantic distinction between supervisory experience, which she didn't have, and supervisory skills, which she—again without proof—claims she had. But even if the Court accepted this distinction, there is no evidence the ACHD did. The law did not require the ACHD to make "wise or generally even fair decisions, so long as it did not discriminate on the basis of sex." *Barbera v. Pearson Educ., Inc.*, 906 F.3d 621, 630 (7th Cir. 2018). There is no reason to believe that the ACHD lied when it claimed to favor a candidate for a supervisor role with supervisor experience.

The North Barn Supervisor position is more straightforward. It is undisputed that a requirement for the job was to live within 25 miles of the north barn. It is undisputed that Plaintiff did not. And although she argues that the distance requirement had been expanded to accommodate

a prior supervisor, she has pointed to nothing that would have required the ACHD to bend its rules for her when it had another candidate that met the geographical limitations. In short, there is nothing about the ACHD enforcing the express requirements for the North Barn Supervisor position that demonstrates pretext.

The North Barn Assistant Supervisor position is a closer call, if only just. The ACHD argues, essentially, that it just liked the successful candidate better. It argues that the successful candidate had "demonstrated leadership qualities . . . by often assuming unofficial leadership roles on jobs," while Plaintiff "often had difficulties with her supervisor and coworkers and only did the bare minimum of the jobs she was tasked with." (ECF No. 56 at 4). So, the ACHD claims, Plaintiff was passed over "based on her past work performance, interview responses, and overall personality and demeanor." (*Id.*).

Plaintiff disagrees, noting that she has never been reprimanded, warned, or fired. (ECF No. 66-1 at 5)[2]. Not being reprimanded, warned, or fired, however, is different from being good at your job. It means only that you haven't violated any workplace rules. The ACHD wanted more than that, and the Court does not find that a desire to promote someone who goes beyond is evidence of pretext.

Plaintiff's entire case seems to be that because she had been there for nearly thirty years, she was entitled to a promotion, and anyone who would deny her that entitlement must be discriminating against her. That's not how the world works. Simply being a piece of office furniture does not give you the right to advancement—a lesson one would have thought Plaintiff

---

[2] Plaintiff also makes soap operatic allegations that the successful candidate had a sexual relationship with a secretary at the north barn both before and after becoming assistant supervisor, in violation of County policy. The Court likes good water cooler gossip as much as the next Article III judicial body, but that's all this is—gossip. Plaintiff offers no evidence of the relationship and does not explain how she knows about it. Nor does she establish that the relevant County policy, which bans sexual relationships between supervisors and subordinates, would apply, as there is no evidence that the assistant supervisor would "direct or control" a secretary. (ECF No. 66-2 at 6). This allegation strikes the Court as a cheap ad hominem attack that cannot overcome the other weaknesses in Plaintiff's case.

would have learned over the past three decades. Rather, the ACHD wanted to promote individuals based on merit. The ACHD has shown that it did so, and Plaintiff has failed to show that the ACHD lied to cover its true discriminatory motives. Because Plaintiff has failed both to make a prima facie showing of discrimination and to show that Defendant's offered reasons for its hiring decisions were pretext, Defendant is entitled to summary judgment.

C.     *Defendant is Entitled to Summary Judgment on Plaintiff's Title VII Retaliation Claim*

Plaintiff also brought a claim for retaliation. In pursuing such a claim under Title VII, "plaintiffs must offer evidence of three elements: (1) they engaged in protected activity, (2) they suffered adverse employment actions, and (3) there was a causal connection between the protected activity and the adverse employment actions." *Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 564 (7th Cir. 2015). The same burden-shifting under *McDonnell Douglas* that applies to the discrimination case also applies to Plaintiff's retaliation claim. *Miller v. Am. Fam. Mut. Ins. Co.*, 203 F.3d 997, 1007 (7th Cir. 2000).

Plaintiff's retaliation claim fails for much the same reason as his discrimination claim. As discussed above, there is ample, undisputed evidence in the record showing a non-retaliatory reason for the ACHD's hiring decisions. Even if Plaintiff the 2013 suit was protected activity[3], there is no causal relationship between that activity and the adverse employment action six years later. Instead, the ACHD hired people it felt were better for the jobs. Like her failure to promote claim, Plaintiff's retaliation claim fails at the summary judgment stage.

---

[3] Plaintiff does not expressly identify the 2013 suit as the protected activity, instead alluding to "prior charges of discrimination." (ECF No. 66-1 at 2). Defendant, in its reply, references the 2013 suit as the likely protected activity. Given the Court's finding on pretext, however, the exact nature of the protected activity is irrelevant.

**III.     Conclusion**

For theses reasons, Defendant' motion for summary judgment (ECF No. 55) is GRANTED. The Clerk is DIRECTED to enter judgment for Defendant and against Plaintiff.

SO ORDERED on November 14, 2023.

s/ <i>Holly A. Brady</i><br>
CHIEF JUDGE HOLLY A. BRADY<br>
UNITED STATES DISTRICT COURT